**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALMELINA CUYUCH AS; ALISON ROJAS CUYUCH,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-957<br><br>Agency Nos.<br>A215-561-117<br>A215-561-118<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2024**
Pasadena, California

Before: GILMAN***, N.R. SMITH, and MENDOZA, Circuit Judges.

Almelina Cuyuch As, a native and citizen of Guatemala, petitions for review

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

of a Board of Immigration Appeals (BIA) decision affirming without opinion an Immigration Judge's (IJ's) order denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny the petition.

1. Substantial evidence supports the agency's denial of asylum based on its determination that Cuyuch As failed to establish a nexus between past or future persecution and a protected ground. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142-43 (9th Cir. 2021). Cuyuch As alleges that she was persecuted on account of her membership in the social group "business owners in Guatemala."[2] However, the agency determined that the assailants were solely motivated by a desire to obtain money. Cuyuch As points to nothing in the record indicating that her assailants were aware of her status as a business owner. The record therefore does not compel the conclusion that there was a nexus between the harm Cuyuch As suffered and

---

[1] Cuyuch As's minor daughter, Alison Rojas Cuyuch, is a derivative beneficiary on this petition.

[2] Cuyuch As also alleged a "nuclear family" social group before the IJ. However, she did not challenge the IJ's denial of this proposed group before the BIA. Thus, that claim is unexhausted and, because the government raised the exhaustion requirement in this case, we must enforce it. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023) (holding that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is not jurisdictional, but a claim-processing rule subject to waiver and forfeiture); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (noting that claim-processing rules "may be mandatory in the sense that a court must enforce the rule if a party properly raises it") (cleaned up).

her membership in a protected group.[3] *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1032–33 (9th Cir. 2014) (upholding the BIA's denial of asylum where the petitioner "failed to identify [direct or] circumstantial evidence in the record raising a compelling inference" that her persecutors targeted her on account of a protected ground). Accordingly, Cuyuch As did not establish eligibility for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(i).

2.      Substantial evidence supports the agency's decision to deny withholding of removal. Cuyuch As's fear of harm stems from generalized crime and violence in Guatemala, which does not establish a nexus to a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that random criminal acts bear no nexus to a protected ground). Accordingly, Cuyuch As did not satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

3.      Substantial evidence supports the agency's denial of CAT relief, because Cuyuch As did not allege harm or threats by a government official in Guatemala, nor did she establish that any government official would consent or acquiesce in her torture. *See B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022)

---

[3] As the government points out, Cuyuch As did not exhaust the IJ's conclusion that Cuyuch As did not establish a well-founded fear of future persecution because she could reasonably relocate in Guatemala and because her similarly situated family remains in Guatemala unharmed. Accordingly, we do not address these claims on appeal. *See Santos-Zacaria*, 598 U.S. at 413.

("CAT protection cannot be granted unless an applicant shows a likelihood of torture that 'is inflicted by or at the instigation of or with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity.'") (quoting 8 C.F.R. § 208.18).

**PETITION FOR REVIEW DENIED.**